# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **KELVIN WRENN,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 7:18-cv-01563-RDP-SGC |
| | ) |
| **WARDEN T. TONEY,** *et al.*, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

The Magistrate Judge filed a Report and Recommendation on August 24, 2021, recommending Petitioner Kelvin Wrenn's 28 U.S.C. § 2254 petition for *habeas corpus* relief be denied as procedurally defaulted and/or meritless. (Doc. 24). Wrenn filed objections to the Report and Recommendation on September 2, 2021. (Doc. 27).

Wrenn disagrees with the Magistrate Judge's recommendation that all but one of his habeas claims are procedurally defaulted because he could have, but did not, file a petition pursuant to Rule 32.1(f) of the *Alabama Rules of Criminal Procedure* to seek an out-of-time appeal from the denial of his Rule 32 petition. (Doc. 24 at 2, 7). Wrenn argues that the court should decide the issue in his favor based solely on his contention that he timely deposited a notice of appeal from the denial of his Rule 32 petition in the prison's internal mailing system. (Doc. 27 at 1-6). Wrenn's argument misses the mark.

Alabama has adopted a "prison mailbox rule" similar to that announced by the United States Supreme Court in *Houston v. Lack*, 487 U.S. 266, 275-76 (1988). *Lawson v. Thomas*, 2015 WL 9703422, at *2 n.1 (N.D. Ala. Dec. 17, 2015), *report and recommendation adopted*, 2016 WL 146231 (N.D. Ala. Jan. 13, 2016). Under *Houston*, "a *pro se* prisoner's federal habeas petition is

deemed filed on the date it is delivered to prison authorities for mailing, which, absent evidence to the contrary, is presumed to be the date executed." *Id.*

The State of Alabama's acceptance of the mailbox rule--and the procedure it has developed to resolve a dispute as to whether a *pro se* Alabama petitioner did, in fact, utilize the prison mailbox rule to timely perfect his appeal--are separate matters. The proper procedure to litigate a mailbox rule dispute is found in Alabama Rule of Criminal Procedure 32.1(f), which allows a petitioner to obtain an out-of-time appeal if he has failed—through no fault of his own—to appeal the denial of a prior Rule 32 petition. *See Ex Parte Stephens*, 907 So. 2d 1094, 1096 (Ala. Crim. App. 2005); *Poole v. State*, 988 So. 2d 604, 605-07 (Ala. Crim. App. 2007). A petitioner seeking an out-of-time appeal must file a Rule 32.1(f) petition within six months after discovering the denial or dismissal of a Rule 32 petition. Ala. R. Crim. P. 32.2(c). Wrenn admittedly discovered the denial of his Rule 32 petition in time to pursue a Rule 32.1(f) petition for an out-of-time appeal. (Doc. 3 at 3). He did not file the appeal and cannot now do so. Nor does Wrenn's purported ignorance or mistaken interpretation of Alabama procedural rules does not supply the requisite cause to overcome the procedural of his unexhausted claims. Accordingly, this objection is **OVERRULED**.

With regard to the final claim addressed by the Magistrate Judge, Wrenn asserts that the admission of his co-defendant's facially incriminating testimonial statement violated the Confrontation Clause. (Doc. 27 at 6). However, the Report and Recommendation assumes the existence of a constitutional violation based on these facts. (Doc. 24 at 16). Wrenn has not presented any articulable objections to the Magistrate Judge's conclusion that the violation was harmless error under the facts of his case. (Doc. 24 at 13, 16-23). Accordingly, this objection also is **OVERRULED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation, and the objections thereto, the court **ADOPTS** the Magistrate Judge's Report and **ACCEPTS** her Recommendation.  Accordingly, Wrenn's claims for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 are due to be denied and this action dismissed with prejudice.  A certificate of appealability is also due to be denied. A separate final judgment in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this September 16, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE